UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| CALIFORNIA NURSES ASSOCIATION,<br><br>        Plaintiff,<br><br>  vs.<br><br>SUTTER EAST BAY HOSPITALS d/b/a<br>ALTA BATES SUMMIT MEDICAL<br>CENTER,<br><br>        Defendant. | Case No. _4:14-cv-00889-RS<br><br>**TEMPORARY RESTRAINING ORDER**<br>**AND ORDER TO SHOW CAUSE** |

**ORDER TO SHOW CAUSE**

To Defendant Sutter East Bay Hospitals d/b/a Alta Bates Summit Medical Center:
Based upon the application filed in this action and on the declarations filed therewith, you are
ordered to appear on Wednesday, March 12th, 2014 at 2:30 p.m. in Courtroom 3 on the 17th
Floor of this Court located at 450 Golden Gate Ave., San Francisco, California to show cause
why a preliminary injunction should not be ordered restraining and enjoining you and your
managers, agents, or any other persons acting with you or on your behalf, from  taking any action
to implement the "housewide rebid" process that was scheduled to take effect on March 2, 2014,

pending issuance of the award of the parties' selected Arbitrator resolving the Union's grievance dated January 17, 2014.

## DISCUSSION

A TRO may be granted upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order, as a form of preliminary injunctive relief, is to preserve the status quo and prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). A request for a TRO is evaluated by the same factors that generally apply to a preliminary injunction, *see Stuhlbarg Int'l. Sales Co. v. John D. Brushy & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001), and as a form of preliminary injunctive relief, a TRO is an "extraordinary remedy" that is "never granted as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Rather, the moving party bears the burden of demonstrating that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. Alternatively, if the moving party can demonstrate the requisite likelihood of irreparable harm, and show that an injunction is in the public interest, a preliminary injunction may issue so long as there are serious questions going to the merits and the balance of hardships tips sharply in the moving party's favor. *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

Plaintiff California Nurses Association has demonstrated that a TRO should issue. In particular, it has shown that its member nurses are likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in its favor, and that a TRO is in the public interest. Further, it has demonstrated a likelihood of success on the merits, which, in the context of this "reverse *Boys Market*" labor dispute, *see Boys Markets v. Retail Clerks Union*, 398 U.S. 235 (1970), requires plaintiff to "establish that the position he will espouse in arbitration is sufficiently sound to prevent the arbitration from being a futile endeavor." *Newspaper & Periodical Drivers' & Helper's Union, Local 921 v. San Francisco Newspaper*

*Agency*, 89 F.3d 629, 632 (9th Cir. 1996) (quoting *Amalgamated Transit Union, Div. 1384 v. Greyhound Lines, Inc.*, 529 F.2d 1073, 1077-78 (9th Cir.) (*Greyhound I*), *vacated and remanded*, 429 U.S. 807 (1976), *rev'd on other grounds*, 550 F.2d 1237 (9th Cir.1977) (*Greyhound II*), *cert. denied*, 434 U.S. 837 (1977)) (quotation marks omitted).

### TEMPORARY RESTRAINING ORDER

Pending hearing on the Order to Show Cause, you, your managers, agents, and any other persons acting with you or on your behalf, are restrained and enjoined from taking any action to implement the "housewide rebid" process that was scheduled to take effect on March 2, 2014.

### IT IS FURTHER ORDERED THAT

Plaintiff's additional briefing shall be filed and served on defendant consistent with the Court's electronic filing system no later than Wednesday, March 5th.  Defendant's opposition papers shall be filed and served on plaintiff consistent with the Court's electronic case filing system no later than noon on Monday, March 10th.  Additionally, the Court having considered the propriety of security pursuant to Federal Rule of Civil Procedure 65(c), posting of security is not required.

IT IS SO ORDERED.

Dated: 2/28/14

_____
Judge of the United States District Court,
Northern District of California